UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LARRY HENRICKS, | Case No. 15-CV-0168 (MJD/SER) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

Petitioner Larry Henricks — a prisoner at the Federal Correctional Institution in Sandstone, Minnesota — filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In that petition, Henricks challenges the validity of a Montana federal conviction and sentence. This Court, however, lacks jurisdiction to consider Henricks's habeas petition, as his challenge should have been brought in a motion under 28 U.S.C. § 2255 in the district of conviction. Accordingly, this Court recommends that his petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I. BACKGROUND

In 1995, Henricks was charged with nine federal offenses (including conspiracy to distribute and methamphetamine, marijuana, and cocaine; possession with intent to distribute methamphetamine, marijuana, and cocaine; and unlawful use or carrying of a firearm during and in relation to a drug trafficking offense) in a superseding indictment filed in the United States

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Henricks seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

District Court for the District of Montana. *See United States v. Henricks*, 1:94-cr-00038-JDS-12 (D. Mont. superseding indictment filed March 16, 1995). Henricks was convicted on all nine counts after a jury trial and was sentenced to a total of 420-months imprisonment. *See United States v. Henricks*, 116 F.3d 486 (9th Cir. 1997) (unpublished table disposition). The Ninth Circuit Court of Appeals affirmed Henricks's conviction and sentence on direct appeal. *Id*.

Henricks makes two challenges to his conviction and sentence in his habeas petition. First, Henricks argues that the sentencing court's mandatory minimum sentence violated the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (finding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."). Second, Henricks argues that the sentencing court's finding that he qualified as a career offender violated *Descamps v. United States*, 133 S. Ct. 2276 (2013), which clarified the sources of information courts may use when determining whether the career-offender enhancement applies. Henricks requests that his conviction be vacated as a result of those alleged errors.

II. ANALYSIS

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective

to test the legality of his detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.[2]

Henricks acknowledges in his habeas petition that he is challenging the validity of his conviction and sentence incurred in Montana.  See ECF No. 1 at 2.  He also acknowledges that, generally speaking, such a challenge must be raised through a motion brought under § 2255 under the exclusive-remedy rule.  *See* ECF No. 2 at 2-3.  Nevertheless, Henricks argues that § 2255 is inadequate or ineffective in this case, and he urges that this Court consider the merits of his habeas petition.

The Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, but several circuit courts have established such tests.  Those tests almost always require that, where a petitioner seeks to invoke the savings clause, the petitioner must show (among other things) that he seeks to apply (1) a new rule of law that (2) has been found to apply

---

[2]If a petitioner failed to raise a claim in a prior § 2255 petition, he may not then present his claim under § 2241 in order to circumvent the limitations on second or successive § 2255 petitions. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); *see also United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) ("[I]t can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241 . . . .")). Henricks claims in his habeas petition that he has not moved for relief under § 2255, but he acknowledges in his brief that he has previously moved for such relief, *see* ECF No. 2 at 5, and the docket sheet from his criminal case confirms that Henricks previously moved for relief under § 2255.

retroactively.  *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies retroactively on collateral review . . . ."); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("The standards that these courts have articulated for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity."); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (noting the "obvious" qualification that "the change of law has to have been made retroactive by the Supreme Court" for the savings clause to apply).  Moreover, although the Eighth Circuit has not itself set forth a specific test as to when the savings clause should apply, it has made clear that § 2255 cannot be deemed inadequate or ineffective where the new rule from which the petitioner seeks to obtain relief does not apply retroactively.  *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

The threshold question this Court must therefore address is whether the rules announced in *Alleyne* or *Descamps* apply retroactively.  If those cases do not apply retroactively, then Henricks cannot avail himself of the savings clause, and § 2255 is the exclusive remedy for Henricks to bring his challenge.  And if § 2255 is the exclusive remedy available to Henricks, this Court lacks jurisdiction over Henricks's habeas petition, as any motion under § 2255 should have been brought in the district of Henricks's conviction.

First, as to *Alleyne*:  No case suggests that *Alleyne* should apply retroactively.  Indeed, exactly the opposite is true.  "[N]either *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive."  *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014).  There is abundant authority on which this Court can reasonably conclude that the Eighth Circuit would find that *Alleyne* is not retroactive, as *Alleyne* is explicitly an extension of

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), see *Alleyne*, 133 S. Ct. at 2163, and "the Eighth Circuit has consistently held that *Apprendi* and its progeny are not rules of watershed magnitude and has declined to apply those cases retroactively." *Burton v. Fabian*, 612 F.3d 1003, 1010 n.4 (8th Cir. 2010). Further, each of the courts to have considered the specific question found that *Alleyne* does not have retroactive effect. *See, e.g.*, *Butterworth v. United States*, No. 14-1076, 2014 WL 7463311, at *4-5 (1st Cir. Jan. 5, 2015); *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Dunklin v. Wilson*, No. 13-CV-2411 (PJS/JSM), 2014 WL 5464250, at *4-5 (D. Minn. Oct. 27, 2014); *Willis v. United States*, No. 13-CV-2059 (JNE/JSM), 2014 WL 3384678, at *5 (D. Minn. July 10, 2014).

This Court agrees with the overwhelming consensus on the question of retroactivity and finds that *Alleyne* does not apply retroactively unless the Supreme Court declares otherwise. Generally, new rules of law are not retroactive on collateral review unless they fall within one of two narrow exceptions. The rule must either put certain "primary, private individual conduct beyond the power of criminal law-making to proscribe," or it must be a "watershed rule[] of criminal procedure." *Teague v. Lane*, 489 U.S. 288, 311 (1989) (quotation omitted). The rule announced in *Alleyne* does neither. *Alleyne* does not place the conduct for which Henricks was convicted outside the purview of the criminal law; Henricks's conduct (possession and distribution of illegal substances, possession of a firearm during the commission of an drug offense, and so on) remains just as unlawful today as it was when he was convicted and sentenced. Nor is *Alleyne* a watershed rule of criminal procedure. As explained above, it is merely an extension of the Supreme Court's previous holding in *Apprendi*. *See Simpson*, 721

F.3d at 876; *Willis*, 2014 WL 3384678, at *5 (collecting cases). Because *Alleyne* does not apply retroactively, that case cannot justify the invocation of the savings clause.

Second, as to *Descamps*: Although the question has not been confronted as frequently as the application of *Alleyne*, several courts have concluded that the Supreme Court did not make *Descamps* retroactive on collateral review. *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, 581 Fed. App'x 750 (11th Cir. 2014) (per curiam); *Whittaker v. Chandler*, 574 Fed. App'x 448 (5th Cir. 2014) (per curiam); *Dunklin*, 2014 WL 5464250, at *5; *Snyder v. Wilson*, No. 14-CV-2047 (PAM/LIB), 2014 WL 3767845, at *5 (D. Minn. July 31, 2014). Henricks cited no authority for the proposition that *Descamps* applies retroactively, and this Court has discovered no such case.

This Court follows suit with those courts that have considered *Descamps* does not apply retroactively. It is doubtful that *Descamps* announced a "new" rule at all. *See United States v. Montes*, 570 Fed. App'x 830, 831 (10th Cir. 2014) (per curiam) ("[T]he *Descamps* decision did not recognize a new right. . . . The *Descamps* opinion simply applied existing doctrine."); *accord Ezell v. United States*, No. 14-71696, 2015 WL 294306, at *4 (9th Cir. Jan. 23, 2015) ("In sum, Descamps did not announce a new rule . . . ."). As a result, this Court cannot find that *Descamps* announced a new "watershed" rule. In short, "there is no conceivable basis upon which *Descamps* could meet the retroactivity test set forth in *Teague v. Lane*." *See United States v. McGee*, No. H-04-067-1, 2014 WL 2434186, at *3 (S.D. Tex. May 27, 2014) (citation omitted).

Because neither *Alleyne* nor *Descamps* applies retroactively, Henricks cannot cite those cases as a rationale for seeking habeas relief in this District. The "savings clause" fails to save Henricks's habeas petition, and this Court lacks jurisdiction over that petition pursuant to the

exclusive-remedy rule. *See DeSimone*, 805 F.2d at 323. And because the Court lacks jurisdiction over the habeas petition, this action must be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Larry Henricks's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1] be DENIED.

2. This action be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated: February 24, 2015

*s/Steven E Rau*
Steven E. Rau
U.S. Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 9, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.